

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00175-CR

JONATHAN LABORIEL-GUITY                                    APPELLANT
A/K/A JONATHAN LABORIELGUITY

V.

THE STATE OF TEXAS                                              STATE

-----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

-----------

## OPINION

-----------

Appellant Jonathan Laboriel-Guity a/k/a Jonathan Laborielguity appeals from a judgment convicting him of aggravated robbery with a deadly weapon. In a single point, Appellant argues that the trial court abused its discretion by sentencing him to thirty years' confinement. We will affirm.

Appellant entered an open plea of guilty to aggravated robbery with a deadly weapon and requested the preparation of a pre-sentence investigation

report (PSI). The PSI was prepared, and the trial court conducted a punishment hearing.

Andrea Franklin testified that she was employed as an account representative for a staffing agency and that on July 10, 2009, she personally delivered paychecks to a business located in Saginaw. As Franklin drove out of the business's parking lot in her car, she observed Appellant, whom she recognized as a temporary employee of one of her client companies, wave her down. Franklin stopped, Appellant asked her for a ride to the gas station, and Franklin agreed to give him a ride. Once Appellant was in Franklin's car, he pulled out a knife with a "big serrated saw blade," put it to Franklin's throat, and said, "Don't move." Franklin, however, fought back, screamed, and struggled with Appellant as he tried to put a rag over her mouth and to wrestle her to the back seat. Terrified, Franklin managed to exit the car and to run down the road, but Appellant moved over to the car's driver's seat, "came after" Franklin in the car, and tried to run her down. Franklin jumped out of the way, and Appellant crashed the car and ran off.

After the incident, Franklin noticed some rope on the car's floorboard that she thought Appellant had brought with him. Franklin suffered cuts to her neck and hands, busted lips, and a scrape on her face. Franklin testified that she had not yet returned to work because she did not feel safe, that she had been attending counseling, that she does not feel safe in "social situations," and that the incident had "changed [her] a lot."

2

Appellant testified that he acted out of desperation because he needed money to pay for his son's surgery, that he did not intend to kill or hurt Franklin, that he was attempting to return Franklin's car to her when he drove towards her, and that he apologized to Franklin after exiting her car. Appellant said that he had taken responsibility for his actions and he apologized to Franklin.

The trial court found Appellant guilty of aggravated robbery with a deadly weapon and sentenced him to thirty years' confinement.

In one point, Appellant argues that the trial court abused its discretion by sentencing him to thirty years' confinement because the trial court "did not give due consideration to [his] remorse and acceptance of responsibility" regarding the offense. Appellant acknowledges that trial courts have discretion to impose punishment within the prescribed range, but he cites *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984), and argues that "*Jackson* intimates that a trial judge may abuse its discretion even if the punishment determination falls within the range prescribed for a particular offense."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).

Appellant did not assert an objection when the trial court sentenced him to thirty years' confinement, nor did he file a motion for new trial challenging the

3

severity of his sentence. Consequently, Appellant failed to preserve this point for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd) (reasoning that "nothing is preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed or in a new trial motion"); *Davis v. State*, No. 02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App.—Fort Worth Mar. 17, 2005, pet. ref'd) (mem. op, not designated for publication) (holding that appellant failed to preserve for appellate review point challenging his sentence).

Even if Appellant had preserved his point, it is unpersuasive. In a previous memorandum opinion, this court stated of *Jackson* as follows:

> In *Jackson*, the trial judge who assessed punishment did not have access to the transcript of the testimony at the guilt-innocence phase of trial, no evidence was elicited at the punishment hearing, and the trial court sentenced appellant based solely on a pre-sentence investigation report. "The sentencing judge . . . was left with nothing to base his determination as to punishment on except the naked fact that appellant had been found guilty of the offense of sexual abuse of a child." "[U]nder the limited facts of th[e] case," the court of criminal appeals held that the trial court abused its discretion by determining the appellant's sentence in the absence of any facts or evidence available to the court and upon which the court could have relied in assessing punishment.

*Sanders v. State*, No. 02-07-00250-CR, 2008 WL 4601937, at *1 (Tex. App.—Fort Worth Oct. 16, 2008, no pet.) (mem. op, not designated for publication) (citations omitted).

Unlike the issue in *Jackson*, Appellant does not argue that the trial court abused its discretion in sentencing him because it determined his sentence in the absence of any facts or evidence.[1]  Instead, Appellant argues that his thirty-year, "mid-range" sentence is too high because the trial court "indicated a complete lack of reliance on the Appellant's remorse and acceptance of responsibility." *Jackson* is thus inapposite to the argument that Appellant raises in this appeal.

Aggravated robbery, a first degree felony, is punishable by imprisonment for not more than ninety-nine years or less than five years.  *See* Tex. Penal Code Ann. § 12.32(a) (Vernon Supp. 2010), § 29.03(a)(2), (b) (Vernon 2003). Appellant's punishment of thirty years therefore falls within the statutory range of punishment for aggravated robbery.  Appellant does not argue that his sentence is grossly disproportionate to the offense he committed.  *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (stating that a punishment that

---

[1]Indeed, when the trial court sentenced Appellant, it stated the following based on the evidence presented at punishment:

> The offense that you have pled guilty to is a horrific offense. And you have basically destroyed the trust that Ms. Franklin has in humanity.  She was doing a job.  She saw you.  She, out of the goodness of her heart decided to give you a ride and you took advantage of it.  And that is truly unfortunate because I don't think she is ever going to trust anybody else.  She has suffered tremendous emotional distress from this.

falls within the legislatively prescribed range and is based upon the sentencer's informed normative judgment is unassailable on appeal, subject only to "a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review"). Accordingly, we hold that the trial court did not abuse its discretion by sentencing Appellant to thirty years' confinement. *See Price v. State*, Nos. 02-09-00122-CR, 02-09-00123-CR, 2009 WL 4878714, at *1–2 (Tex. App.—Fort Worth Dec. 17, 2009, pet. ref'd) (mem. op., not designated for publication) (addressing similar issue). We overrule Appellant's only point, and we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DAUPHINOT, J. filed a concurring opinion.

PUBLISH

DELIVERED: January 13, 2011


### NO. 02-10-00175-CR

JONATHAN LABORIEL-GUITY          APPELLANT
A/K/A JONATHAN LABORIELGUITY

V.

THE STATE OF TEXAS          STATE

-----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

-----------

## **CONCURRING OPINION**

-----------

I write separately because, although I agree with the result, I cannot completely agree with the rationale of the majority for the reasons stated in my concurring and dissenting opinion to the majority opinion in *Kim v. State*.[1]

Although appellate courts may suggest filing a motion for new trial in order to provide a complete record when complaints such as ineffective assistance of

---

[1]283 S.W.3d 473, 476–79 (Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).

counsel are raised, criminal law, unlike civil law, does not require the filing of a motion for new trial in order to preserve a complaint for appellate review.[2] I therefore disagree with the majority's statement that an appellant in a criminal case is required to file a motion for new trial in order to preserve a complaint for appellate review.[3] I also disagree that an appellant in a criminal case has any ability to lodge an objection after a trial is concluded.

In the case now before this court, however, the trial court followed proper procedure. As required by law,[4] the trial court announced the sentence to be imposed and asked Appellant Jonathan Laboriel-Guity a/k/a Jonathan Laborielguity if there was any lawful reason why that sentence should not be imposed, and Appellant stated that there was not. Appellant accepted the sentence. This portion of a criminal trial is often referred to as the allocution portion of the trial. Allocution is the common law right of a defendant in a criminal trial, including a trial for criminal contempt, to "present his personal plea to the Court in mitigation of punishment before sentence is imposed."[5] Although article

---

[2]*See* Tex. R. App. P. 21.2 ("A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record.").

[3]See majority op. at 3–4.

[4]*See* Tex. Code of Crim. Proc. Ann. art. 42.07 (Vernon 2006).

[5]*McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g) (noting that *Green v. United States*, 365 U.S. 301, 81 S. Ct. 653 (1961), provides some of the history of common law allocution).

42.07 of the code of criminal procedure prohibits imposition of sentence only on the grounds of prior pardon, incompetence to stand trial, or mistaken identity, it still grants a defendant the opportunity to speak and to lodge any objection to the sentence before it is pronounced.[6]  In interpreting article 42.07 as permitting a defendant's common law right of allocution, we should look to the Texas Court of Criminal Appeals's instruction regarding the effect of a statute on common law rights:

> It is well-established that, ordinarily, a statute must be interpreted according to its plain meaning, no more and no less. And, it is equally well-established that a statute must not be interpreted as abrogating a principle of the common law unless such overruling is clearly indicated, either by the express terms of the statute or by necessary implication from the language used.  This second canon is based on the reasonable supposition that if the Legislature intended to overrule a principle of the common law, then it would have made its intent clear.[7]

In his concurring opinion in *Breazeale v. State*,[8] Judge Clinton discussed various procedural means available to contest an act or finding in the trial court:

> The trial court having found that each appellant waived his right to trial by jury, a plethora of procedural means was readily available to contest that finding in the forum of the trial court.  A motion for new trial that the court "has committed [a] material error calculated to injure the rights of defendant" is a solid ground under Article 40.03 and, if supported by the showing appellant now alleges to be the case, granting a new trial would have placed the cause in

---

[6]Tex. Code Crim. Proc. Ann. art. 42.07.

[7]*Enos v. State*, 889 S.W.2d 303, 305 (Tex. Crim. App. 1994) (citations omitted).

[8]683 S.W.2d 446, 451 (Tex. Crim. App. 1984) (Clinton, J., concurring).

the same position as before any trial had been held. A motion in arrest of judgment suggesting that "judgment has not been legally rendered against him" would lie under Article 41.01 and related provisions of Chapter Forty One. More informally, at allocution under 42.07, an accused could make it known that he had not properly waived his right to trial by jury pursuant to Article 1.13. Thereafter, a formal bill of exception to make the record disclose any event or occurrence relevant to the issue of waiver was available under Article 40.09, § 6(a). Even an objection to the record in accordance with Article 40.09, § 7, would have it "speak the truth" about any alleged failure to follow Article 1.13.[9]

Glaringly absent is any absolute requirement that a defendant object to an empty bench or file a motion for new trial in order to preserve his complaint.

For these reasons, I cannot join the conscientious majority's rationale but concur only in the result.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: January 13, 2011

---

[9]*Id.* at 452–53 (citations omitted).

4