02-10-403-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00403-CR

 

 


 
 
 Abraham Vasquez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant Abraham Vasquez appeals his conviction for
felony driving while intoxicated (DWI) repetition on the ground that the trial
court abused its discretion and assessed cruel and unusual punishment by
sentencing Appellant to six years’ confinement without granting community
supervision in violation of the Eighth Amendment of the United States
Constitution and article I, section 13 of the Texas Constitution.  We affirm.

Appellant was indicted for felony DWI repetition that
occurred in December 2009, having previously been convicted of DWI in 2006 and
2007.  On July 13, 2010, he entered an open guilty plea without a plea bargain.
 In this plea proceeding, and as part of his plea admonishments, he
acknowledged that he had been charged with a third-degree felony, which carries
a range of not more than ten years or less than two years imprisonment and a
fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.34 (West
2011).  He also acknowledged that he was not a citizen of the United States.  He
made an application for community supervision.  The trial court adjourned the
proceeding and ordered a presentence investigation (PSI).

At the subsequent sentencing hearing on September 16,
2010, after the PSI report was filed, the trial court heard evidence that Appellant
had a blood alcohol level of .18 at the time of his arrest; that Appellant was
aware that this same trial judge had warned him the last time he was in her
courtroom that “if [he] were to be here one more time [he] would be having a
large problem with her and the State@;
that Appellant had failed to appear at a prior scheduled hearing and instead
had driven to Nebraska in violation of the terms of his bond; and that he had
been arrested in Nebraska for a traffic violation and had been extradited back
to Texas.

Appellant testified and claimed that he was now a changed
man.  He described how he had read the Bible, prayed, and found religion in Nebraska.
 He described how he had met with a church group, who encouraged him to
distribute religious pamphlets in Spanish.  He said that he went door to door handing
out the pamphlets while looking for work and that he had a wife and children in
El Salvador who depended upon him for support, and he discussed how his life
had changed since he had found Jesus.

At the close of the hearing, his attorney asked that
Appellant be given the most lenient punishment in view of this evidence.  The
State recommended four years’ confinement.

The trial court, after finding him guilty, said, AHaving
considered the information in the [PSI] report as well as all the evidence
heard today, I will assess your sentence in this case at six years in the Texas
Department of Criminal Justice.@

On appeal, Appellant argues in one issue that under the
evidence before the trial court, he was a candidate for community supervision because
he had dedicated his life to God, had changed his life, and was active in his
church and in attempting to convert others by ministering to other prisoners in
jail.  He points out that the community supervision department had made a
proposed supervision plan which, if the trial court granted community
supervision, provided, among other provisions, for intensive outpatient
treatment for alcohol abuse, weekly required attendance at two AA meetings, and
installation of a remote alcohol monitor and ignition device.  Appellant argues
that in view of these facts, the sentence given to him was disproportionate and
cruel and unusual punishment in violation of the United States and Texas
constitutions.

The State argues that Appellant did not preserve this issue
in the trial court in any manner.  Appellant does not argue that it was
preserved, nor does he suggest any exception to the rules governing error
preservation; therefore, it arguably could be considered waived for appeal purposes.
 See Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996) (discussing waiver with regard to rights under the Texas
Constitution); Curry v. State, 910 S.W.2d 490, 496 & n.2 (Tex. Crim.
App. 1995) (discussing waiver with regard to rights under the United States
Constitution).

However, because it has been questioned whether there
exists a rational manner or opportunity to effectively
preserve a cruel and unusual punishment claim, where the Appellant has pled
guilty, without a plea bargain, and the trial court, after hearing evidence on
punishment, immediately pronounced sentence; we will proceed and address the
Appellant’s claim.  See Laboriel-Guity v. State, 336 S.W.3d 754, 757–58
(Tex. App.—Fort Worth 2011, pet. ref’d) (Dauphinot, J., concurring); Kim v.
State, 283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref’d)
(Dauphinot, J., concurring and dissenting).

We hold that Appellant=s
sentence was not disproportionate and was not cruel and unusual punishment.

Texas appellate courts have consistently held that the
legislature is vested with the inherent power to define crimes and prescribe
the range of punishment; thus, a punishment which falls within the limits
prescribed by a valid statute is not excessive, cruel, or unusual.  See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983).

Applying the standards and analysis we set forth in Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.), we determine that Appellant=s
punishment was neither cruel and unusual nor disproportionate to the offense
even if he had preserved his claimed error.

Appellant=s punishment was in the middle
of the range of punishment that he could have received.  He was not assessed a
fine.  He was shown to be a definite flight risk, in view of his missionary
journey to Nebraska.  He also had two prior recent convictions; therefore, the
trial could have determined that he would have been a danger to society.

We overrule Appellant’s sole issue and affirm the
judgment of the trial court.

 

PER CURIAM

 

PANEL: 
CHARLES R.
HOLCOMB (Senior Judge, Retired, Sitting by Assignment); DAUPHINOT and MEIER,
JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
June 23, 2011









[1]See Tex. R. App. P. 47.4.