

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00403-CR

ABRAHAM VASQUEZ                                                        APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Abraham Vasquez appeals his conviction for felony driving while intoxicated (DWI) repetition on the ground that the trial court abused its discretion and assessed cruel and unusual punishment by sentencing Appellant to six years' confinement without granting community supervision in violation of the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas Constitution. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant was indicted for felony DWI repetition that occurred in December 2009, having previously been convicted of DWI in 2006 and 2007. On July 13, 2010, he entered an open guilty plea without a plea bargain. In this plea proceeding, and as part of his plea admonishments, he acknowledged that he had been charged with a third-degree felony, which carries a range of not more than ten years or less than two years imprisonment and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.34 (West 2011). He also acknowledged that he was not a citizen of the United States. He made an application for community supervision. The trial court adjourned the proceeding and ordered a presentence investigation (PSI).

At the subsequent sentencing hearing on September 16, 2010, after the PSI report was filed, the trial court heard evidence that Appellant had a blood alcohol level of .18 at the time of his arrest; that Appellant was aware that this same trial judge had warned him the last time he was in her courtroom that "if [he] were to be here one more time [he] would be having a large problem with her and the State"; that Appellant had failed to appear at a prior scheduled hearing and instead had driven to Nebraska in violation of the terms of his bond; and that he had been arrested in Nebraska for a traffic violation and had been extradited back to Texas.

Appellant testified and claimed that he was now a changed man. He described how he had read the Bible, prayed, and found religion in Nebraska. He described how he had met with a church group, who encouraged him to

2

distribute religious pamphlets in Spanish. He said that he went door to door handing out the pamphlets while looking for work and that he had a wife and children in El Salvador who depended upon him for support, and he discussed how his life had changed since he had found Jesus.

At the close of the hearing, his attorney asked that Appellant be given the most lenient punishment in view of this evidence. The State recommended four years' confinement.

The trial court, after finding him guilty, said, "Having considered the information in the [PSI] report as well as all the evidence heard today, I will assess your sentence in this case at six years in the Texas Department of Criminal Justice."

On appeal, Appellant argues in one issue that under the evidence before the trial court, he was a candidate for community supervision because he had dedicated his life to God, had changed his life, and was active in his church and in attempting to convert others by ministering to other prisoners in jail. He points out that the community supervision department had made a proposed supervision plan which, if the trial court granted community supervision, provided, among other provisions, for intensive outpatient treatment for alcohol abuse, weekly required attendance at two AA meetings, and installation of a remote alcohol monitor and ignition device. Appellant argues that in view of these facts, the sentence given to him was disproportionate and cruel and unusual punishment in violation of the United States and Texas constitutions.

3

The State argues that Appellant did not preserve this issue in the trial court in any manner. Appellant does not argue that it was preserved, nor does he suggest any exception to the rules governing error preservation; therefore, it arguably could be considered waived for appeal purposes. *See* Tex. R. App. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (discussing waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995) (discussing waiver with regard to rights under the United States Constitution).

However, because it has been questioned whether there exists a *rational manner or opportunity* to *effectively* preserve a cruel and unusual punishment claim, where the Appellant has pled guilty, without a plea bargain, and the trial court, after hearing evidence on punishment, immediately pronounced sentence; we will proceed and address the Appellant's claim. *See Laboriel-Guity v. State*, 336 S.W.3d 754, 757–58 (Tex. App.—Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring); *Kim v. State*, 283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).

We hold that Appellant's sentence was not disproportionate and was not cruel and unusual punishment.

Texas appellate courts have consistently held that the legislature is vested with the inherent power to define crimes and prescribe the range of punishment; thus, a punishment which falls within the limits prescribed by a valid statute is not

excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983).

Applying the standards and analysis we set forth in *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.), we determine that Appellant's punishment was neither cruel and unusual nor disproportionate to the offense even if he had preserved his claimed error.

Appellant's punishment was in the middle of the range of punishment that he could have received. He was not assessed a fine. He was shown to be a definite flight risk, in view of his missionary journey to Nebraska. He also had two prior recent convictions; therefore, the trial could have determined that he would have been a danger to society.

We overrule Appellant's sole issue and affirm the judgment of the trial court.

PER CURIAM

PANEL: CHARLES R. HOLCOMB (Senior Judge, Retired, Sitting by Assignment); DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2011