02-10-404-CR








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-10-00404-CR

 

 




 
 
 TRACY HARRIS
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 




 

 

----------

 

FROM CRIMINAL DISTRICT Court NO. 3 OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Tracy Harris made an open plea of guilty to aggravated robbery, a first-degree
felony offense, and the trial court ordered a presentence investigation report
(PSI).  At the punishment hearing, the trial court reviewed the PSI and took
judicial notice of its contents, heard testimony,[2]
reviewed the surveillance video of the robbery, and then found Harris guilty
before sentencing him to twenty years’ confinement.  See Tex. Penal Code
Ann. § 29.03(b) (West 2011); see also id. § 12.32 (West 2011)
(stating that the punishment range for a first-degree felony is life
imprisonment or any term of not more than ninety-nine years or less than five
years and a fine not to exceed to $10,000).

Now,
in one issue, Harris complains that the trial court abused its discretion in
assessing his punishment.  However, Harris did not object when the trial court
imposed his twenty-year sentence or complain about his sentence in a motion for
new trial.  See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim.
App. 1995) (stating that appellant failed to preserve his complaint that his
punishment violated the Eighth Amendment prohibition against cruel and unusual
punishment because he urged no objection at trial); Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (“As a general rule, an appellant
may not assert error pertaining to his sentence or punishment where he failed
to object or otherwise raise such error in the trial court.”); Laboriel-Guity
v. State, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d)
(holding that appellant failed to preserve for review his complaint that the
trial court abused its discretion by sentencing him to thirty years’
confinement for aggravated robbery when appellant failed to object at sentencing
or to file a motion for new trial challenging his sentence’s severity); see
also Kim v. State, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009,
pet. ref’d).  Therefore, Harris has failed to preserve this complaint.[3] 
See Tex. R. App. P. 33.1(a); Laboriel-Guity, 336 S.W.3d at
756; Kim, 283 S.W.3d at 475.  We overrule Harris’s sole issue and affirm
the trial court’s judgment.

 

PER CURIAM

 

PANEL:
 MCCOY, WALKER, and MEIER, JJ.  

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 7, 2011









          [1]See Tex. R. App. P. 47.4.





[2]Harris
agreed that the offense was serious and said that he had had the loaded gun
with him before he and the other two assailants decided to commit the robbery.  He
admitted that he had screamed at the complainant, backhanded him across the
face, stuck the gun to his neck, and then hit him again before chambering a
round in the gun.  Harris’s mother and sister testified that they did not know
Harris was a documented gang member and that they could not believe it when
they learned that he had committed aggravated robbery.  Harris denied that he
was a gang member or that he was culpable for the bond violations that caused
him to be taken back into custody.  He explained that he had committed the
robbery because he was young and because of the community environment that he
grew up in.  He admitted that he did not need to commit the offense for money
because he had a job.





[3]Further,
even if we were to reach the merits here, Harris’s twenty-year sentence is well
within the statutory punishment range for first-degree felonies, and punishment
imposed within the statutory range is generally not subject to challenge for
excessiveness.  See Tex. Penal Code Ann. §§ 12.32, 29.03(b); Laboriel-Guity,
336 S.W.3d at 757; Kim, 283 S.W.3d at 475–76.  Given the
seriousness of his offense, which the trial court pointed out was only “one
second away from instead of facing life in prison in this case, to facing the
death penalty,” we cannot say that the trial court abused its discretion.