

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00404-CR

TRACY HARRIS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tracy Harris made an open plea of guilty to aggravated robbery, a first-degree felony offense, and the trial court ordered a presentence investigation report (PSI). At the punishment hearing, the trial court reviewed the PSI and took judicial notice of its contents, heard testimony,[2] reviewed the

---

[1]*See* Tex. R. App. P. 47.4.

[2]Harris agreed that the offense was serious and said that he had had the loaded gun with him before he and the other two assailants decided to commit the robbery. He admitted that he had screamed at the complainant, backhanded

surveillance video of the robbery, and then found Harris guilty before sentencing him to twenty years' confinement. *See* Tex. Penal Code Ann. § 29.03(b) (West 2011); *see also id.* § 12.32 (West 2011) (stating that the punishment range for a first-degree felony is life imprisonment or any term of not more than ninety-nine years or less than five years and a fine not to exceed to $10,000).

Now, in one issue, Harris complains that the trial court abused its discretion in assessing his punishment. However, Harris did not object when the trial court imposed his twenty-year sentence or complain about his sentence in a motion for new trial. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (stating that appellant failed to preserve his complaint that his punishment violated the Eighth Amendment prohibition against cruel and unusual punishment because he urged no objection at trial); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd) (holding that appellant failed to preserve for review his complaint that the trial court abused its discretion by sentencing

---

him across the face, stuck the gun to his neck, and then hit him again before chambering a round in the gun. Harris's mother and sister testified that they did not know Harris was a documented gang member and that they could not believe it when they learned that he had committed aggravated robbery. Harris denied that he was a gang member or that he was culpable for the bond violations that caused him to be taken back into custody. He explained that he had committed the robbery because he was young and because of the community environment that he grew up in. He admitted that he did not need to commit the offense for money because he had a job.

him to thirty years' confinement for aggravated robbery when appellant failed to object at sentencing or to file a motion for new trial challenging his sentence's severity); *see also Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Therefore, Harris has failed to preserve this complaint.[3] *See* Tex. R. App. P. 33.1(a); *Laboriel-Guity*, 336 S.W.3d at 756; *Kim*, 283 S.W.3d at 475. We overrule Harris's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 7, 2011

---

[3]Further, even if we were to reach the merits here, Harris's twenty-year sentence is well within the statutory punishment range for first-degree felonies, and punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See* Tex. Penal Code Ann. §§ 12.32, 29.03(b); *Laboriel-Guity*, 336 S.W.3d at 757; *Kim*, 283 S.W.3d at 475–76. Given the seriousness of his offense, which the trial court pointed out was only "one second away from instead of facing life in prison in this case, to facing the death penalty," we cannot say that the trial court abused its discretion.

3