02-10-198&199-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00198-CR

NO.  02-10-00199-CR

 

 


 
 
 Reuben E. Means
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

OPINION

----------

I. 
Introduction and Background

          Appellant
Reuben E. Means was indicted for possession of more than one but less than four
grams of cocaine and evading arrest.  See Tex. Health & Safety Code
Ann. §§ 481.102(3)(D), .115(a) (West 2010); Tex. Penal Code Ann. § 38.04(a)
(West 2011).  The indictment for possession of cocaine contained a repeat
offender notice.  Appellant entered open pleas of guilty to both offenses, and
he pleaded true to the repeat offender notice.  The trial court accepted
Appellant’s guilty pleas and ordered that a presentencing report (PSI) be
prepared.  The trial court subsequently conducted a sentencing hearing, found
Appellant guilty of each offense, found the repeat offender allegation to be
true, and sentenced Appellant to eight years’ confinement on the possession
conviction and two years’ confinement on the evading arrest conviction.  In two
issues on appeal, Appellant contends that the trial court abused its discretion
because his sentences are excessive and he should have been given probation. We
affirm.

II. 
Discussion

          Appellant
contends that his sentences constitute an abuse of the trial court’s discretion
because they are excessive and because the evidence presented at the sentencing
hearing showed that he could do well on probation.  Appellant acknowledges,
however, that he failed to object to either sentence when they were imposed and
that although he complained about the length of his sentences in his motions
for new trial, he did not present either motion to the trial court.  See
Tex. R. App. P. 21.6 (requiring defendant to present his motion for new trial
to trial court within ten days of filing); Kim v. State, 283 S.W.3d 473,
475 (Tex. App.—Fort Worth 2009, pet. ref’d) (holding failure to object to
sentence at time of imposition or complain of sentence in motion for new trial
does not preserve complaint for appellate review); Washington v. State,
271 S.W.3d 755, 756 (Tex. App.—Fort Worth 2008, pet. ref’d) (holding
disproportionate sentence complaint not preserved because appellant did not
present his motion for new trial to trial court).  Because Appellant did not
object to his sentences when they were imposed or present his motions for new
trial to the trial court, he failed to preserve his sentencing complaints for
appellate review.  See Tex. R. App. P. 21.6, 33.1(a); Kim, 283
S.W.3d at 475; Washington, 271 S.W.3d at 756.

          Moreover,
even if we were to reach the merits of Appellant’s complaint, his sentences are
well within the relevant statutory ranges of two to twenty years in the state
penitentiary for possession of cocaine and between 180 days and two years’
confinement in a state jail facility for evading arrest.[1] 
See Tex. Penal Code Ann. §§ 12.33(a), .35(a) (West 2011).  And
punishment imposed within the statutory range is generally not subject to
challenge for excessiveness.  See Kim, 283 S.W.3d at 475–76 (stating
punishment assessed was not excessive when based on sentencer’s informed
normative judgment and fell within the legislatively prescribed range); Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.)
(“Generally, punishment assessed within the statutory limits is not excessive,
cruel, or unusual punishment.”).  Although there is testimony from the
sentencing hearing by Appellant and his family that Appellant was paralyzed in
June 2009 and is confined to a wheelchair; that Appellant has been diagnosed
with post-traumatic stress disorder; that he is a good person when taking his
bipolar medication; and that he is making an effort to take his medication,
reform himself, and be a law-abiding citizen, the trial court stated when
sentencing Appellant,

[T]he Court heard
your testimony, but I can’t overlook the fact that you’ve had plenty of
experience with the criminal justice system.  And six – I believe it’s six. 
Yeah, six previous cases involving possession or possession with intent to
deliver a controlled substance, that tells me you are a dope dealer.  That
tells me you made your mind up that you want to be a dope dealer as opposed to
doing what your wife is doing, going to work every day.  You chose the easy way
out.  So that’s the road that you chose to travel on.  You give the Court very
little alternative but to sentence you to confinement.  But I certainly hope
that once you complete this confinement, you will continue with your stated
goal of being a productive citizen. 

 

Appellant
could have been sentenced to as many as twenty years’ confinement for his
possession conviction but instead received an eight-year sentence.  And
although Appellant received the maximum sentence for evading arrest, the
sentence runs concurrently with his eight-year sentence.  We overrule both of Appellant’s
issues.  See Kim, 283 S.W.3d at 475–76.

III. 
Conclusion

          Having
overruled each of Appellant’s two issues, we affirm the trial court’s judgments.

 

ANNE GARDNER

JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER,
and WALKER, JJ.

 

DAUPHINOT,
J. filed a dissenting and concurring opinion.

 

PUBLISH

 

DELIVERED:  August 4, 2011

 











 
 
 
 
 
 


 












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NOS.  02-10-00198-CR

          
02-10-00199-CR

 

 


 
 
 Reuben E. Means
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 213th
District Court OF Tarrant COUNTY

----------

DISSENTING
AND CONCURRING OPINION

----------

For
the reasons stated in my concurrence to the majority opinion in Laboriel-Guity
v. State[2]
and in my concurring and dissenting opinion to the majority opinion in Kim
v. State,[3]
I dissent from the majority’s holding that Appellant failed to preserve his
Eighth Amendment complaint.  I join the alternate holding that the sentences
imposed did not violate the Eighth Amendment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PUBLISH

 

DELIVERED:  August 4, 2011









[1]Possession of more than
one but less than four grams of a controlled substance in penalty group one is
a third-degree felony punishable by confinement from two to ten years.  See
Tex. Health & Safety Code Ann. § 481.115(c); Tex. Penal Code Ann. § 12.34
(West 2011).  But because of Appellant’s prior felony conviction, the
applicable sentencing range for Appellant’s possession conviction was that of a
second-degree felony, which is two to twenty years’ confinement.  See
Tex. Penal Code Ann. §§ 12.33(a), .42(a)(3) (West 2011).





[2]336 S.W.3d 754, 757–59
(Tex. App.—Fort Worth 2011, pet. ref’d) (Dauphinot, J., concurring).





[3]283 S.W.3d 473, 476–79
(Tex. App.—Fort Worth 2009, pet. ref’d) (Dauphinot, J., concurring and
dissenting).