

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00299-CR

KEITH D. HAMILTON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Appellant Keith D. Hamilton guilty of theft of a vehicle valued at $1,500–20,000 and of unauthorized use of a vehicle. *See* Tex. Penal Code Ann. §§ 31.03(e)(4)(A), 31.07 (West Supp. 2011). After Hamilton pleaded true to the enhancement paragraph in the indictment, the trial court sentenced him to twenty years' imprisonment for each count, ordering that the sentences run

---

[1]*See* Tex. R. App. P. 47.4.

concurrently. In two points, Hamilton argues that he was entitled to a jury instruction on entrapment and that his sentences were grossly disproportional to the offenses. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Auto Crimes Task Force of the Fort Worth Police Department uses a "bait car program" to combat vehicle burglary and auto theft; as part of the program, "bait cars" equipped with GPS trackers, cameras, and devices to remotely turn off the vehicles are used to identify and apprehend vehicle thieves. Officers set up a bait car in a high-crime area of South Fort Worth. They left the engine running; left the door ajar; left the lights on; and left clothing, cigarette wrappers, a sack containing empty beer cans, and a cardboard beer box inside the bait car as "props" to make the vehicle look like it belonged to a "regular individual[]." Approximately three minutes after officers left the vehicle, an alarm was activated, indicating that the vehicle was moving. Two officers followed the vehicle and shut off the engine remotely from inside their patrol unit, causing the bait car to stop. Hamilton was the sole occupant of the bait car, and officers arrested him. A cold beer can was in the center console, but officers did not recall if they had put it there as a prop.

## III. JURY INSTRUCTION ON ENTRAPMENT

In his first point, Hamilton argues that the trial court erred by denying his request for a jury instruction on entrapment. Hamilton argues that he was entitled to such an instruction because the officers "went too far in providing extra

enticements in order to overcome the average citizen's resistance to commit the offense" by leaving the bait car running, with the door open and a cold beer inside of it, in a known high-crime area. The State responds that this court has already held that the use of bait cars under similar facts does not constitute entrapment and that those opinions control here. *See Adams v. State*, 270 S.W.3d 657, 662 (Tex. App.—Fort Worth 2008, pet. ref'd); *Keeton v. State*, No. 02-07-00243-CR, 2008 WL 755294, at *2–4 (Tex. App.—Fort Worth Mar. 20, 2008, no pet.) (mem. op., not designated for publication).

In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *See Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). If error occurred, we then evaluate whether harm resulting from the error requires reversal. *Abdnor*, 871 S.W.2d at 731–32.

Entrapment is a defensive theory. *See* Tex. Penal Code Ann. § 2.03(c), (d) (West 2011). If evidence supporting the defense of entrapment is admitted, the issue must be submitted to the jury with the instruction that a reasonable doubt on the issue requires acquittal. *Id.* § 2.03(d). In determining whether evidence raises a defense, the credibility of the evidence is not at issue. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App.), *cert. denied*, 510 U.S. 837 (1993); *Barnes v. State*, 70 S.W.3d 294, 304 (Tex. App.—Fort Worth 2002, pet. ref'd). In other words, if a defendant produces evidence raising each element of a requested defensive instruction, that defendant is entitled to the instruction

3

regardless of the source and strength of the evidence. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); *Barnes*, 70 S.W.3d at 304.

Texas Penal Code section 8.06 provides,

It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Tex. Penal Code Ann. § 8.06(a) (West 2011). Entrapment exists if the criminal intent originates in the mind of the police agent and the agent then induces the accused to commit the offense. *Barnes*, 70 S.W.3d at 304; *Torres v. State*, 980 S.W.2d 873, 875 (Tex. App.—San Antonio 1998, no pet.). The test for entrapment under section 8.06 is a two-pronged test composed of subjective and objective elements. *England v. State*, 887 S.W.2d 902, 910 (Tex. Crim. App. 1994); *McGann v. State*, 30 S.W.3d 540, 545 (Tex. App.—Fort Worth 2000, pet. ref'd). For the subjective element, the accused must show that the police actually induced him into committing the charged offense. *England*, 887 S.W.2d at 913. For the objective element, the accused must show that the persuasion used by the police was such as to cause an ordinarily law-abiding person of average resistance to nevertheless commit the offense. *Id.*

In *Adams* and in *Keeton*, this court held that the entrapment defense did not apply when a bait car was left in a high-crime area with the doors unlocked, the windows down, and the keys on the console. *See Adams*, 270 S.W.3d at 659, 662; *Keeton*, 2008 WL 755294, at *1, 4. The facts that the bait car in this

4

case was left running with the door open and a cold beer in the center console does not change our analysis. In other words, the bait car—even with the added "enticements"—still merely afforded an opportunity to commit the offenses committed by Hamilton. *See* Tex. Penal Code Ann. § 8.06(a); *Adams*, 270 S.W.3d at 662; *Keeton*, 2008 WL 755294, at *2–4. No evidence exists that the police actually induced Hamilton into committing the charged offenses or that the bait car would have caused an ordinarily law-abiding person of average resistance to nevertheless commit the offenses. *See* Tex. Penal Code Ann. § 8.06(a); *England*, 887 S.W.2d at 913. Accordingly, we overrule Hamilton's first point.

## IV. PROPORTIONALITY OF SENTENCE

In his second point, Hamilton claims that his twenty-year sentences were grossly disproportionate to the offenses, constituting cruel and unusual punishment in violation of the United States and Texas constitutions.

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Russell v. State*, 341 S.W.3d 526, 528 (Tex. App.—Fort Worth 2011, no pet.); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see* Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court

5

must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

Here, Hamilton did not object to his twenty-year sentences or file a motion for new trial raising the disproportionality argument that he now asserts. Consequently, this argument is not preserved for our review. *See* Tex. R. App. P. 33.1(a)(1); *Russell*, 341 S.W.3d at 528; *Laboriel-Guity*, 336 S.W.3d at 756; *Kim*, 283 S.W.3d at 475. We overrule Hamilton's second point.

## V. Conclusion

Having overruled Hamilton's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 5, 2012