02-11-299-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00299-CR

 

 


 
 
 Keith D. Hamilton
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          A
jury found Appellant Keith D. Hamilton guilty of theft of a vehicle valued at
$1,500–20,000 and of unauthorized use of a vehicle.  See Tex. Penal Code
Ann. §§ 31.03(e)(4)(A), 31.07 (West Supp. 2011).  After Hamilton pleaded
true to the enhancement paragraph in the indictment, the trial court sentenced him
to twenty years’ imprisonment for each count, ordering that the sentences run
concurrently.  In two points, Hamilton argues that he was entitled to a jury
instruction on entrapment and that his sentences were grossly disproportional
to the offenses.  We will affirm.

II.  Factual
and Procedural Background

          The
Auto Crimes Task Force of the Fort Worth Police Department uses a “bait car
program” to combat vehicle burglary and auto theft; as part of the program, “bait
cars” equipped with GPS trackers, cameras, and devices to remotely turn off the
vehicles are used to identify and apprehend vehicle thieves. Officers set up a
bait car in a high-crime area of South Fort Worth.  They left the engine running;
left the door ajar; left the lights on; and left clothing, cigarette wrappers,
a sack containing empty beer cans, and a cardboard beer box inside the bait car
as “props” to make the vehicle look like it belonged to a “regular individual[].”
 Approximately three minutes after officers left the vehicle, an alarm was
activated, indicating that the vehicle was moving.  Two officers followed the
vehicle and shut off the engine remotely from inside their patrol unit, causing
the bait car to stop.  Hamilton was the sole occupant of the bait car, and
officers arrested him.  A cold beer can was in the center console, but officers
did not recall if they had put it there as a prop.

III.  Jury Instruction
on Entrapment

          In
his first point, Hamilton argues that the trial court erred by denying his
request for a jury instruction on entrapment.  Hamilton argues that he was
entitled to such an instruction because the officers “went too far in providing
extra enticements in order to overcome the average citizen’s resistance to
commit the offense” by leaving the bait car running, with the door open and a
cold beer inside of it, in a known high-crime area.  The State responds that
this court has already held that the use of bait cars under similar facts does
not constitute entrapment and that those opinions control here.  See Adams
v. State, 270 S.W.3d 657, 662 (Tex. App.—Fort Worth 2008, pet. ref’d); Keeton
v. State, No. 02-07-00243-CR, 2008 WL 755294, at *2–4 (Tex. App.—Fort Worth
Mar. 20, 2008, no pet.) (mem. op., not designated for publication).

In
our review of a jury charge, we first determine whether error occurred; if
error did not occur, our analysis ends.  See Abdnor v. State, 871 S.W.2d
726, 731–32 (Tex. Crim. App. 1994); see also Sakil v. State, 287 S.W.3d
23, 25–26 (Tex. Crim. App. 2009).  If error occurred, we then evaluate whether harm
resulting from the error requires reversal.  Abdnor, 871 S.W.2d at
731–32.

Entrapment
is a defensive theory.  See Tex. Penal Code Ann. § 2.03(c), (d) (West
2011).  If evidence supporting the defense of entrapment is admitted, the issue
must be submitted to the jury with the instruction that a reasonable doubt on
the issue requires acquittal.  Id. § 2.03(d).  In determining whether
evidence raises a defense, the credibility of the evidence is not at issue.  Muniz
v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, 510
U.S. 837 (1993); Barnes v. State, 70 S.W.3d 294, 304 (Tex. App.—Fort
Worth 2002, pet. ref’d).  In other words, if a defendant produces evidence
raising each element of a requested defensive instruction, that defendant is
entitled to the instruction regardless of the source and strength of the
evidence.  Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); Barnes,
70 S.W.3d at 304.

Texas
Penal Code section 8.06 provides, 

It
is a defense to prosecution that the actor engaged in the conduct charged
because he was induced to do so by a law enforcement agent using persuasion or
other means likely to cause persons to commit the offense.  Conduct merely affording
a person an opportunity to commit an offense does not constitute entrapment.

Tex.
Penal Code Ann. § 8.06(a) (West 2011).  Entrapment exists if the criminal
intent originates in the mind of the police agent and the agent then induces
the accused to commit the offense.  Barnes, 70 S.W.3d at 304; Torres
v. State, 980 S.W.2d 873, 875 (Tex. App.—San Antonio 1998, no pet.).  The
test for entrapment under section 8.06 is a two-pronged test composed of subjective
and objective elements.  England v. State, 887 S.W.2d 902, 910 (Tex. Crim.
App. 1994); McGann v. State, 30 S.W.3d 540, 545 (Tex. App.—Fort Worth
2000, pet. ref’d).  For the subjective element, the accused must show that the
police actually induced him into committing the charged offense.  England,
887 S.W.2d at 913.  For the objective element, the accused must show that the
persuasion used by the police was such as to cause an ordinarily law-abiding
person of average resistance to nevertheless commit the offense.  Id.

          In
Adams and in Keeton, this court held that the entrapment defense
did not apply when a bait car was left in a high-crime area with the doors
unlocked, the windows down, and the keys on the console.  See Adams,
270 S.W.3d at 659, 662; Keeton, 2008 WL 755294, at *1, 4.  The facts
that the bait car in this case was left running with the door open and a cold
beer in the center console does not change our analysis.  In other words, the
bait car—even with the added “enticements”—still merely afforded an opportunity
to commit the offenses committed by Hamilton.  See Tex. Penal Code Ann.
§ 8.06(a); Adams, 270 S.W.3d at 662; Keeton, 2008 WL 755294, at
*2–4.  No evidence exists that the police actually induced Hamilton into
committing the charged offenses or that the bait car would have caused an ordinarily
law-abiding person of average resistance to nevertheless commit the offenses.  See
Tex. Penal Code Ann. § 8.06(a); England, 887 S.W.2d at 913.  Accordingly,
we overrule Hamilton’s first point.

IV.  Proportionality
of Sentence

          In his second point, Hamilton
claims that his twenty-year sentences were grossly disproportionate to the
offenses, constituting cruel and unusual punishment in violation of the United
States and Texas constitutions.

To
preserve for appellate review a complaint that a sentence is grossly
disproportionate, constituting cruel and unusual punishment, a defendant must
present to the trial court a timely request, objection, or motion stating the
specific grounds for the ruling desired.  Russell v. State, 341 S.W.3d
526, 528 (Tex. App.—Fort Worth 2011, no pet.); Laboriel-Guity v. State,
336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d); Kim v. State,
283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d); see Tex. R.
App. P. 33.1(a)(1); Lovill v. State, 319 S.W.3d 687, 691–92 (Tex. Crim.
App. 2009).  Further, the trial court must have ruled on the request,
objection, or motion, either expressly or implicitly, or the complaining party
must have objected to the trial court’s refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004).  A reviewing court should not address the merits of an issue that has
not been preserved for appeal.  Wilson v. State, 311 S.W.3d 452, 473
(Tex. Crim. App. 2010) (op. on reh’g).  

Here,
Hamilton did not object to his twenty-year sentences or file a motion for new
trial raising the disproportionality argument that he now asserts. 
Consequently, this argument is not preserved for our review.  See Tex.
R. App. P. 33.1(a)(1); Russell, 341 S.W.3d at 528; Laboriel-Guity,
336 S.W.3d at 756; Kim, 283 S.W.3d at 475.  We overrule Hamilton’s
second point.

V.  Conclusion

Having
overruled Hamilton’s two points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MCCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 5, 2012









[1]See Tex. R. App. P. 47.4.