NO. 07-12-0042-CR
NO. 07-12-0043-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 11, 2012

_____

PAUL LAMARK LITTLE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY;

NO. 1215526D & 1215947D; HONORABLE DAVID SCOTT WISCH, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Paul Lamark Little appeals from his convictions for evading arrest with a vehicle and aggravated robbery with a deadly weapon. He contends that the sentences levied were excessive and violated the constitutional prohibition against cruel and unusual punishment. Furthermore, the trial court allegedly erred in denying him a hearing on that allegation once he filed his motion for new trial. We affirm.

While appellant filed a timely motion for new trial, he failed to include in it anything about the sentences being excessive, cruel, or unusual.  Nor did he object to the sentences when they were pronounced in open court.  Thus, his complaint regarding the length of his sentences was not preserved for review and is overruled. *See Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.–Amarillo 1996, pet. ref'd) (holding that a defendant who fails to object to the punishment as being excessive or cruel and unusual once sentence is pronounced or in a motion for new trial failed to preserve the complaint); *accord Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.–Fort Worth 2011, pet. ref'd) (holding the same).

As for the allegation that he was improperly denied opportunity to develop the very same complaint via a hearing on his motion for new trial, we cannot fault the trial court for not holding a hearing on an objection that was never raised.  So, we overrule this issue as well.

Having overruled each issue, we affirm the judgments.


Per Curiam

Do not publish.