

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00384-CR

DENERO R. HANFORD                                             APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

In a single issue, Appellant Denero R. Hanford appeals his sentence for assault on a public servant. We affirm.

### Background Facts and Procedural History

On January 11, 2007, Appellant pled guilty to the offenses of evading arrest using a vehicle and assault causing bodily injury to a public servant in

---

[1]*See* Tex. R. App. P. 47.4.

retaliation for an official duty and was placed on five years' deferred-adjudication community supervision (probation).  On July 27, 2012, he pled "true" to violating the conditions of his probation, and the trial court revoked his probation, adjudicated him guilty of both offenses, and sentenced him to two and seven years' confinement, respectively.  Appellant did not object to the sentences and did not file a motion for a new trial.

## Discussion

Now, Appellant contends that his seven-year sentence for assault on a public servant is grossly disproportionate to his offense because the trial court failed to consider evidence of his past record and prospects for rehabilitation in mitigation of punishment.  In general, to preserve a complaint for appellate review the record must show that the complaint was made to the trial court by a timely request, objection, or motion that states the specific grounds for the desired ruling.  Tex. R. App. P. 33.1(a)(1); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet ref'd) (citing *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009)). This case is no exception.  *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).

"It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any." *Kim*, 283 S.W.3d at 475.  In *Kim*, this court held that the appellant failed to preserve his complaint about the

alleged disproportionality of his seven-year sentence for burglary because he did not raise it at the time the sentence was imposed or in a motion for a new trial. *Id*. Likewise, here, Appellant did not object to the trial court that the punishment was grossly disproportionate to the offense, did not raise any such complaint in a motion for a new trial, nor has he complained that he did not have an opportunity to raise such a complaint in the trial court. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Accordingly, Appellant has forfeited his claim for review. *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Kim*, 283 S.W.3d at 475–76.

And even if Appellant had preserved his complaint, his sentence is within the legislatively prescribed limits and not otherwise disproportional to his offense. As a general matter, the fixing of prison terms for specific crimes is "properly within the province of legislatures, not courts." *Harmelin v. Michigan*, 501 U.S. 957, 998, 111 S. Ct. 2680, 2703 (1991) (quoting *Rummel v. Estelle*, 445 U.S. 263, 275–76, 100 S. Ct. 1133, 1140 (1980)). "Determinations about the nature and purposes of punishment for criminal acts implicate difficult and enduring questions respecting the sanctity of the individual, the nature of law, and the relation between law and the social order*." Id*. Accordingly, a sentence that falls within the legislatively determined range of punishment is generally not grossly disproportionate. *See Means*, 347 S.W.3d at 875; *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous

Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.") (footnote omitted)). Appellant's offense was punishable by up to ten years' incarceration. Tex. Penal Code Ann. § 12.34(a), (b) (West 2011). He was sentenced to seven. Thus, his punishment was well within the legislatively prescribed limits, and our review of the record does not persuade us that Appellant's sentence is otherwise grossly disproportional to the gravity of assault on a public servant in retaliation for performing an official duty. *See Moore v. State*, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref'd). Appellant's sole issue is overruled.

## Conclusion

Having overruled Appellant's sole issue on appeal, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 18, 2013

4