

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00423-CR

KESHIEF BOONEMOLAND        APPELLANT

V.

THE STATE OF TEXAS        STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1173042D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Keshief Boonemoland pleaded "guilty" to the felony offense of aggravated robbery on September 9, 2010, and the trial court placed him on deferred adjudication community supervision for ten years. On April 2, 2013, the State filed its first amended petition to proceed to adjudication, alleging that Boonemoland had committed six violations of the terms and conditions of his

---

[1]*See* Tex. R. App. P. 47.4.

community supervision. On August 5, 2013, Boonemoland pleaded "true" to each of the six grounds in the State's petition. After an evidentiary hearing, the trial court adjudicated him guilty and assessed Boonemoland's punishment at thirty years' confinement. This appeal followed.

In one issue, Boonemoland argues that the sentence he received is an excessive and disproportionate punishment considering his underlying charge. Boonemoland candidly admits that he did not object to the trial court's sentence when it was imposed nor raise the issue he now raises on appeal in a motion for new trial. Instead, Boonemoland asks this court to depart from our consistent holding that proportionality complaints are forfeited when an appellant fails to lodge a complaint during the trial or in a later motion for new trial. *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd), *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). We decline to do so.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).

Because Boonemoland did not assert an objection when the trial court sentenced him and because he did not file a motion for new trial challenging the severity of his sentence, we conclude that he has failed to preserve this issue for

2

appellate review.  *See* Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").  Thus, we overrule Boonemoland's sole issue.  *See Laboriel-Guity*, 336 S.W.3d at 756 (holding that defendant failed to preserve issue of whether trial court abused its discretion by sentencing him to thirty years' incarceration because defendant did not assert an objection at sentencing nor did he file a motion for new trial challenging the severity of his sentence).

Having overruled Boonemoland's sole issue, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 26, 2014

3