02-11-118-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00118-CR

 

 


 
 
 Brian Alexis Davis
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Brian Alexis Davis made an open plea of guilty to theft of property valued at
$1,500 to $20,000.  At the punishment hearing, the trial court reviewed the
presentence investigation report and took judicial notice of its contents, heard
testimony, reviewed exhibits valuing the stolen property (ladies’ rings), and
then found Davis guilty before sentencing him to two years’ confinement.  See
Tex. Penal Code Ann. § 31.03(e)(4)(A) (West Supp. 2011) (stating that theft is
a state jail felony when the value of the property stolen is $1,500 or more but
less than $20,000), § 12.35 (stating that punishment range for a state jail
felony is confinement in a state jail for any term of not more than two years
or less than 180 days).

          In
a single point, Davis now argues that the trial court abused its discretion by
assessing his punishment at two years’ confinement.  Davis contends that, given
the facts of this case—i.e., that Davis was suffering from severe heroin
withdrawal and had expressed a desire to provide restitution for the rings that
he took from Lisa Ward while he was renovating her home—the trial court’s
sentence of two years’ incarceration, as opposed to community supervision with
drug rehabilitation and restitution, constitutes disproportionate punishment in
violation of the Eighth Amendment to the United States Constitution.  Davis,
however, did not object to his sentence as violative of the Eighth Amendment at
the time it was imposed, nor did he raise this complaint in a motion for new
trial.[2]  Davis has thus failed to
preserve this complaint.[3]  See Tex. R. App.
P. 33.1(a); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995)
(stating that appellant failed to preserve his complaint that his punishment
violated the Eighth Amendment prohibition against cruel and unusual punishment
because he urged no objection at trial); Mercado v. State, 718 S.W.2d
291, 296 (Tex. Crim. App. 1986) (“As a general rule, an appellant may not
assert error pertaining to his sentence or punishment where he failed to object
or otherwise raise such error in the trial court.”); Laboriel-Guity v. State,
336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d) (holding that
appellant failed to preserve for review his complaint that the trial court
abused its discretion by sentencing him to thirty years’ confinement for
aggravated robbery when appellant failed to object at sentencing or to file a
motion for new trial challenging his sentence’s severity); see also Kim,
283 S.W.3d at 475.  We therefore overrule Davis’s sole point and affirm the
trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DAUPHINOT,
J., filed a concurring and dissenting opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 8, 2012

 





 
 
 
 
 
 


 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00118-CR

 

 


 
 
 Brian Alexis Davis
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

CONCURRING
AND DISSENTING MEMORANDUM OPINION[4]

----------

 

For
the reasons stated in my concurrence to the majority opinion in Laboriel–Guity
v. State[5]
and in my concurring and dissenting opinions to the majority opinions in Means
v. State[6]
and Kim v. State,[7]
I dissent from the majority’s holding that Appellant failed to preserve his
complaint that the trial court abused its discretion by sentencing him to two
years’ confinement in a state jail facility, violating his rights under the
Eighth Amendment.

I
join the alternate holding that the trial court did not abuse its discretion or
violate the Eighth Amendment by sentencing Appellant within the statutory
guidelines or by not probating his sentence.

 

LEE ANN DAUPHINOT

JUSTICE

 

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
March 8, 2012

 









[1]See Tex. R. App. P. 47.4.





[2]On April 21, 2011, after
the trial court’s plenary power had expired because no motion for new trial or
other post-trial motion had been filed that would extend the trial court’s
plenary power, Davis filed a handwritten statement seeking to have his sentence
commuted to community supervision. 





[3]Further, even if we were
to reach the merits of Davis’s complaint, his two-year sentence is within the
statutory punishment range for a state jail felony, and Davis acknowledges this.
 See Tex. Penal Code Ann. § 12.35.  And punishment imposed within the
statutory range is generally not subject to challenge for excessiveness.  See
Kim v. State, 283 S.W.3d 473, 475–76 (Tex. App.—Fort Worth 2009,
pet. ref’d) (stating punishment assessed was not excessive when based on
sentencer’s informed normative judgment and fell within the legislatively
prescribed range); Dale v. State, 170 S.W.3d 797, 799 (Tex. App.—Fort
Worth 2005, no pet.) (“Generally, punishment assessed within the statutory
limits is not excessive, cruel, or unusual punishment.”).  Moreover, the trial judge
stated on the record his concern that if he placed Davis “on probation, the
Wards still would not receive their restitution.”  The trial court thus did not
abuse its discretion by refusing to assess community supervision.  See Reyna
v. State, No. 12-05-00062-CR, 2005 WL 2035856, at *1 (Tex. App.—Tyler Aug.
24, 2005, no pet.) (mem. op., not designated for publication) (stating that
“[w]e do not read [a]rticle 42.12, section (3)(a) [of the Texas Code of
Criminal Procedure] to mandate that the trial court place a defendant on
community supervision”).





[4] See Tex. R. App.
P. 47.4.





[5]336 S.W.3d 754, 757–59
(Tex. App.—Fort Worth 2011, pet. ref’d) (Dauphinot, J., concurring).





[6]347 S.W.3d 873, 875–76
(Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and dissenting).





[7]283 S.W.3d 473, 476–79
(Tex. App.—Fort Worth 2009, pet. ref’d) (Dauphinot, J., concurring and
dissenting).