

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00118-CR

BRIAN ALEXIS DAVIS                                                  APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Brian Alexis Davis made an open plea of guilty to theft of property valued at $1,500 to $20,000. At the punishment hearing, the trial court reviewed the presentence investigation report and took judicial notice of its contents, heard testimony, reviewed exhibits valuing the stolen property (ladies' rings), and then found Davis guilty before sentencing him to two years' confinement. *See* Tex. Penal Code Ann. § 31.03(e)(4)(A) (West Supp. 2011)

---

[1]*See* Tex. R. App. P. 47.4.

(stating that theft is a state jail felony when the value of the property stolen is $1,500 or more but less than $20,000), § 12.35 (stating that punishment range for a state jail felony is confinement in a state jail for any term of not more than two years or less than 180 days).

In a single point, Davis now argues that the trial court abused its discretion by assessing his punishment at two years' confinement. Davis contends that, given the facts of this case—i.e., that Davis was suffering from severe heroin withdrawal and had expressed a desire to provide restitution for the rings that he took from Lisa Ward while he was renovating her home—the trial court's sentence of two years' incarceration, as opposed to community supervision with drug rehabilitation and restitution, constitutes disproportionate punishment in violation of the Eighth Amendment to the United States Constitution. Davis, however, did not object to his sentence as violative of the Eighth Amendment at the time it was imposed, nor did he raise this complaint in a motion for new trial.[2] Davis has thus failed to preserve this complaint.[3] *See* Tex. R. App. P. 33.1(a);

---

[2]On April 21, 2011, after the trial court's plenary power had expired because no motion for new trial or other post-trial motion had been filed that would extend the trial court's plenary power, Davis filed a handwritten statement seeking to have his sentence commuted to community supervision.

[3]Further, even if we were to reach the merits of Davis's complaint, his two-year sentence is within the statutory punishment range for a state jail felony, and Davis acknowledges this. *See* Tex. Penal Code Ann. § 12.35. And punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Kim v. State*, 283 S.W.3d 473, 475–76 (Tex. App.—Fort Worth 2009, pet. ref'd) (stating punishment assessed was not excessive when based on sentencer's informed normative judgment and fell within the

*Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (stating that appellant failed to preserve his complaint that his punishment violated the Eighth Amendment prohibition against cruel and unusual punishment because he urged no objection at trial); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd) (holding that appellant failed to preserve for review his complaint that the trial court abused its discretion by sentencing him to thirty years' confinement for aggravated robbery when appellant failed to object at sentencing or to file a motion for new trial challenging his sentence's severity); *see also Kim*, 283 S.W.3d at 475. We therefore overrule Davis's sole point and affirm the trial court's judgment.

SUE WALKER
JUSTICE

---

legislatively prescribed range); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Moreover, the trial judge stated on the record his concern that if he placed Davis "on probation, the Wards still would not receive their restitution." The trial court thus did not abuse its discretion by refusing to assess community supervision. *See Reyna v. State*, No. 12-05-00062-CR, 2005 WL 2035856, at *1 (Tex. App.—Tyler Aug. 24, 2005, no pet.) (mem. op., not designated for publication) (stating that "[w]e do not read [a]rticle 42.12, section (3)(a) [of the Texas Code of Criminal Procedure] to mandate that the trial court place a defendant on community supervision").

3

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J., filed a concurring and dissenting opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 8, 2012



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00118-CR

BRIAN ALEXIS DAVIS                                   APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## CONCURRING AND DISSENTING MEMORANDUM OPINION[1]

----------

For the reasons stated in my concurrence to the majority opinion in *Laboriel–Guity v. State*[2] and in my concurring and dissenting opinions to the majority opinions in *Means v. State*[3] and *Kim v. State*,[4] I dissent from the

---

[1] *See* Tex. R. App. P. 47.4.

[2] 336 S.W.3d 754, 757–59 (Tex. App.—Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring).

[3] 347 S.W.3d 873, 875–76 (Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and dissenting).

majority's holding that Appellant failed to preserve his complaint that the trial court abused its discretion by sentencing him to two years' confinement in a state jail facility, violating his rights under the Eighth Amendment.

I join the alternate holding that the trial court did not abuse its discretion or violate the Eighth Amendment by sentencing Appellant within the statutory guidelines or by not probating his sentence.

LEE ANN DAUPHINOT
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 8, 2012

---

[4]283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).

2