
**NOS. 2-09-306-CR**
**2-09-307-CR**
**2-09-308-CR**
**2-09-309-CR**

KYSERIUS R. TIMMS                                        APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

# OPINION

------------

Appellant Kyserius R. Timms appeals from four separate, concurrent sentences of twelve months' confinement. In each case, the trial court adjudicated appellant guilty of burglary of a building based on (1) his plea of true to the allegation that he violated his deferred adjudication community supervision by committing the new offense of theft and (2) the trial court's finding that he failed to participate fully in theft intervention classes that were a condition of his community supervision. Appellant brings a single issue contending that his sentences are excessive and

disproportionate.  Because appellant did not make this complaint in the trial court,[1] he has failed to preserve it for our review.  *See* Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Thompson v. State*, 243 S.W.3d 774, 775–76 (Tex. App.—Fort Worth 2008, pet. ref'd).  Accordingly, we overrule his sole issue and affirm the trial court's judgments.


TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DAUPHINOT, J. filed a concurring opinion.

PUBLISH

DELIVERED:  April 15, 2010

---

[1] Although appellant filed a pro se brief asking for a new trial, he did not raise the issue he brings on appeal.  *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); *Vafaiyan v. State*, 279 S.W.3d 374, 383 (Tex. App.—Fort Worth 2008, pet. ref'd).



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS.  **2-09-306-CR**
**2-09-307-CR**
**2-09-308-CR**
**2-09-309-CR**

KYSERIUS R. TIMMS                                                   APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## CONCURRING OPINION

------------

Based on the bulk of the reasoning expressed in *Ray v. State*,[1] I would

address Appellant's sole issue that his sentences are excessive and

disproportionate.  Appellant's sentences are well within the range of punishment for

------------

[1] ... 119 S.W.3d 454, 458–59 (Tex. App.—Fort Worth 2003, pet. ref'd).  I recognize that the Texas Court of Criminal Appeals has held that the issue of a void statute can no longer be raised for the first time on appeal.  *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).  I therefore do not rely on that statement in *Ray* that "the unconstitutionality of a statute may be raised for the first time on appeal."  *Ray*, 119 S.W.3d at 458.

these state jail felony offenses.[2]  Further, Appellant has presented nothing to show comparative sentences for burglary of a building offenses or to show why his sentences are disproportionate to the sentences of others convicted of the same or similar offenses.[3]  Appellant contends that the trial court found little or nothing mitigating in the evidence he introduced at the hearing, but the sentences of only twelve months would seem to belie this contention.

Based on all the evidence, I cannot conclude that Appellant's sentences are disproportionate or that they amount to cruel and unusual punishment.  I would therefore overrule his sole issue on the merits and affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: April 15, 2010

---

[2] *See* Tex. Penal Code Ann. § 12.35(a)(b) (Vernon Supp. 2009) (providing that range of punishment for state jail felonies is 180 days to two years' confinement as well as a fine of up to $10,000).

[3] *See Moore v. State*, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref'd).