

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-439-CR

CAYETANO MARINO CASAS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

In one issue, appellant Cayetano Marino Casas appeals his twenty-five year sentence as unconstitutionally disproportionate to his commission of the first-degree felony offense of aggravated assault with a deadly weapon on a family member.[2] We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 22.02(b)(1) (Vernon Supp. 2009).

Appellant entered an open guilty plea to aggravated assault with a deadly weapon on a family member.[3] The trial court sentenced him to twenty-five years' confinement. No motion for new trial appears in the clerk's record, and no other document filed in the trial court includes appellant's contention that he received disproportionate punishment.[4] On appeal, appellant contends that his sentence is excessive in light of his guilty plea, which he suggests is a mitigating factor, and in light of his assertion that the provision of the penal code to which he pled guilty was changed from a second-degree felony to a first-degree felony months before he committed the crime.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2). Even constitutional errors may be forfeited by failing to preserve error. *See Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995). Preservation of error

---

[3] Appellant's indictment alleges that he stabbed a member of his family with a knife.

[4] Appellant waived the appearance of a court reporter, so there is no reporter's record.

is a systemic requirement. *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007).

A disproportionate sentence claim must be preserved for appellate review. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Because appellant did not raise his excessive punishment complaint in the trial court, he has forfeited that complaint on appeal. *See* Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Timms v. State*, Nos. 02-09-00306-CR, 02-09-00307-CR, 02-09-00308-CR, 02-09-00309-CR, 2010 WL 1509776, at *1 (Tex. App.—Fort Worth Apr. 15, 2010, pet. filed); *Kim*, 283 S.W.3d at 475; *Thompson v. State*, 243 S.W.3d 774, 775–76 (Tex. App.—Fort Worth 2007, pet. ref'd). Thus, we overrule his sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 24, 2010

3