COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-439-CR

 

 

CAYETANO MARINO CASAS                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

In
one issue, appellant Cayetano Marino Casas appeals his twenty-five year
sentence as unconstitutionally disproportionate to his commission of the
first-degree felony offense of aggravated assault with a deadly weapon on a
family member.[2]  We affirm.

 








Appellant
entered an open guilty plea to aggravated assault with a deadly weapon on a
family member.[3]  The trial court sentenced him to twenty-five
years=
confinement.  No motion for new trial
appears in the clerk=s record, and no other
document filed in the trial court includes appellant=s
contention that he received disproportionate punishment.[4]  On appeal, appellant contends that his
sentence is excessive in light of his guilty plea, which he suggests is a
mitigating factor, and in light of his assertion that the provision of the
penal code to which he pled guilty was changed from a second-degree felony to a
first-degree felony months before he committed the crime.








To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2).  Even constitutional errors
may be forfeited by failing to preserve error. 
See Curry v. State, 910 S.W.2d 490, 496 & n.2 (Tex. Crim.
App. 1995).  Preservation of error is a
systemic requirement. Archie v. State, 221 S.W.3d 695, 698 (Tex. Crim.
App. 2007).

A
disproportionate sentence claim must be preserved for appellate review. Kim
v. State, 283 S.W.3d 473, 475 (Tex. App.CFort
Worth 2009, pet. ref=d). Because appellant did
not raise his excessive punishment complaint in the trial court, he has
forfeited that complaint on appeal.  See
Tex. R. App. P. 33.1(a)(1); Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986) (AAs a general rule, an
appellant may not assert error pertaining to his sentence or punishment where
he failed to object or otherwise raise such error in the trial court.@); Timms
v. State, Nos. 02-09-00306-CR, 02-09-00307-CR, 02-09-00308-CR,
02-09-00309-CR, 2010 WL 1509776, at *1 (Tex. App.CFort
Worth Apr. 15, 2010, pet. filed); Kim, 283 S.W.3d at 475; Thompson v.
State, 243 S.W.3d 774, 775B76
(Tex. App.CFort
Worth 2007, pet. ref=d).
Thus, we overrule his sole issue and affirm the trial court=s
judgment. 

 

PER CURIAM

 

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 24, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann.
' 22.02(b)(1) (Vernon
Supp. 2009).





[3]Appellant=s indictment alleges
that he stabbed a member of his family with a knife.





[4]Appellant waived the
appearance of a court reporter, so there is no reporter=s record.