

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00462-CR

| | | |
|---|---|---|
| Brandon Lamond Penny | § | From the 367th District Court |
| | § | of Denton County (F-2005-1454-E) |
| | § | December 6, 2012 |
| v. | § | Opinion by Chief Justice Livingston |
| | § | Concurrence and Dissent by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Chief Justice Terrie Livingston



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00462-CR

BRANDON LAMOND PENNY                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brandon Lamond Penny appeals the trial court's judgment revoking his community supervision for intentionally or knowingly causing bodily injury to a child.[2]   In his only point, appellant contends that the trial court abused its discretion by sentencing him to a term of imprisonment instead of allowing him to continue on community supervision.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.04(a) (West Supp. 2012).

**Background Facts**

In 2005, the State filed a petition alleging that appellant, who was sixteen years old at the time, had engaged in delinquent conduct. The petition asserted that appellant had intentionally or knowingly caused serious bodily injury to a child by hitting her "with a belt and belt buckle about the head and body." A grand jury certified and approved the petition.[3]

In 2007, when appellant was eighteen years old, the trial court found that he had engaged in delinquent conduct before his seventeenth birthday by intentionally or knowingly causing bodily injury to a child, determined that he was in need of rehabilitation and that the public was in need of protection, assessed a ten-year determinate sentence, suspended the imposition of that sentence, and placed him on community supervision for six years.[4] The court required appellant, among other conditions of his community supervision, to report to his community supervision officer each month.

In June 2011, the State filed a motion to revoke appellant's community supervision, alleging in part that he had failed to report to his community supervision officer in the three preceding months. At the hearing on the State's

---

[3]*See* Tex. Fam. Code Ann. § 53.045 (West Supp. 2012).

[4]*See id.* § 54.04(c), (d)(3), (q) (West Supp. 2012).

motion, appellant pled not true to those allegations, but after listening to testimony, the trial court found the allegations to be true.[5]

In the punishment phase of the revocation hearing, the State presented evidence concerning appellant's offense. The evidence showed that in July 2005, a two-year-old girl, Zabreanah, was taken to a hospital. Zabreanah had a head injury, was unconscious, was not breathing on her own, and had several bruises on various parts of her body. Lewisville Police Department (LPD) Officer Luis Flores, who went to the hospital, believed that Zabreanah's bruises were "consistent with the use of a belt type of object." After being transferred to a different hospital, Zabreanah eventually died. Her autopsy revealed many "contusions throughout [her] body, [including] some with patterns," and the medical examiner opined that she died from blunt force trauma.

LPD Detective Richard Anders went to Zabreanah's residence. Appellant answered the door and took Detective Anders to Zabreanah's room, where Detective Anders saw a belt in a bassinet. Detective Anders asked appellant whether he had hit Zabreanah, and appellant said that he had done so with a belt. Specifically, appellant told Detective Anders that the day before Zabreanah went to the hospital, she had bitten one of appellant's fingers while he was feeding her, and in response, he spanked her with a belt on her bottom as well as, perhaps, on her chest and legs. Detective Anders later saw blood on a closet

_____

[5]Appellant has not challenged this finding on appeal.

4

door in Zabreanah's room.  Appellant said that he had been trying to clean up the blood for a long time and had used water and bleach, but when Detective Anders licked the tip of his finger, he was able to rub some of the blood off, which indicated to Detective Anders that it "hadn't been there that long."

After the State presented its witnesses, during its closing argument, it asked the trial court to send appellant to prison for "the appropriate number of years that [the court] deem[ed] necessary."  Appellant's counsel urged the trial court to impose a punishment that reflected "four good years of probation" and to not consider Zabreanah's death because the State did not present evidence that appellant's actions caused her to die.[6]  The trial court revoked appellant's community supervision and sentenced him to ten years' confinement.  Appellant filed a motion for new trial, contending that the trial court's judgment was "contrary to the law and the evidence" and that a new trial should be granted in the interest of justice.  Appellant also brought this appeal.

**The Forfeiture of Appellant's Point**

In his only point, appellant argues that the trial court abused its discretion by sentencing him to imprisonment because the sentence is "merely punitive,"

---

[6]Tamara Penny, who is appellant's sister, pled guilty to endangering Zabreanah by "failing to protect [her] from the physical abuse of Quintasha Harris," who was Zabreanah's mother.  *See* Tex. Penal Code Ann. § 22.041(c) (West 2011).  Tamara received a sentence of fifteen months' confinement. Quintasha pled guilty to causing bodily injury to Zabreanah by hitting her with a belt, hand, or unknown object, and Quintasha received a sentence of five years' confinement.

5

"does not meet the objective of rehabilitation," and "does not recognize differences in rehabilitative possibilities among individual defendants." To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). Preservation of error is a systemic requirement. *Id.* at 473–74; *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).

Appellant concedes that he did not object to his sentence in the trial court, but he contends that he was not required to object, and he cites several cases for the proposition that "[m]any circumstances exist in which an objection is not required to preserve a ground for appellate review." But in the precise circumstance at issue—a challenge to the severity of a sentence—we have recently and repeatedly held that a defendant must object to the sentence in the trial court to preserve a complaint about the sentence for appellate review. *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.)

6

(holding that a defendant forfeited his complaint that he should have been given community supervision instead of receiving an eight-year sentence because the defendant did not present that complaint to the trial court); *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd); *Timms v. State*, 313 S.W.3d 843, 844 (Tex. App.—Fort Worth 2010, pet. ref'd); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) ("Kim's complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review."); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (citing six more cases in which we held that a claim about the disproportionality of a sentence must be preserved in the trial court). The court of criminal appeals and other courts of appeals have also held that a defendant's failure to object to a sentence in the trial court forfeits an appellate complaint about it. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Davis v. State*, 323 S.W.3d 190, 195–96 (Tex. App.—Dallas 2008, pet. ref'd); *Steadman v. State*, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *see also Moore v. State*, 371 S.W.3d 221, 225 (Tex.

7

Crim. App. 2012) (reiterating that complaints about the appropriateness of a trial court's ruling must be preserved in the trial court).

Appellant cites two cases to contend that fundamental error in punishment may be raised for the first time on appeal, but those cases were decided upon distinguishable facts and legal principles. *See Hernandez v. State*, 268 S.W.3d 176, 181–84 (Tex. App.—Corpus Christi 2008, no pet.) (holding that a trial court's failure to consider the full range of punishment could be raised for the first time on appeal when the trial court had a policy of "sentencing repeat offenders to double the time he or she had previously been sentenced"); *Jaenicke v. State*, 109 S.W.3d 793, 795–96 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (op. on reh'g) (addressing an appellant's issue when he complained that the trial court had assessed punishment based upon verdicts that juries had reached in other cases). Appellant also cites three federal cases, but we are not bound by those decisions. *See Bundy v. State*, 280 S.W.3d 425, 432 n.5 (Tex. App.—Fort Worth 2009, pet. ref'd).

Based upon the precedent cited above, we hold that appellant forfeited his complaint about his sentence. *See* Tex. R. App. P. 33.1(a); *Means*, 347 S.W.3d at 874. We overrule appellant's sole point.

**Conclusion**

Having overruled appellant's point, we affirm the trial court's judgment.


TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DAUPHINOT, J., filed a concurring and dissenting opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 6, 2012



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00462-CR

BRANDON LAMOND PENNY                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## CONCURRING AND DISSENTING MEMORANDUM OPINION[1]

----------

For the reasons stated in my concurrence to the majority opinion in *Laboriel-Guity v. State*[2] and in my concurring and dissenting opinions to the majority opinions in *Means v. State*[3] and *Kim v. State*,[4] I dissent from the

---

[1]*See* Tex. R. App. P. 47.4.

[2]336 S.W.3d 754, 757–59 (Tex. App.—Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring).

[3]347 S.W.3d 873, 875–76 (Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and dissenting).

majority's holding that Appellant forfeited his complaint that the trial court abused its discretion by sentencing him to imprisonment instead of continuing his community supervision, and I concur only in the result.

LEE ANN DAUPHINOT
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 6, 2012

---

[4]283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).