02-11-462-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00462-CR

 

 


 
 
 Brandon
 Lamond Penny
  
  
  
  
  
 v.
  
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  
 §
 
 
 From the 367th District
 Court
  
 of
 Denton County (F-2005-1454-E)
  
 December
 6, 2012
  
 Opinion
 by Chief Justice Livingston
  
 Concurrence
 and Dissent by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Chief Justice Terrie Livingston

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00462-CR

 

 


 
 
 Brandon Lamond Penny
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 367th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Brandon Lamond Penny appeals the trial court’s judgment revoking his community
supervision for intentionally or knowingly causing bodily injury to a child.[2]  
In his only point, appellant contends that the trial court abused its
discretion by sentencing him to a term of imprisonment instead of allowing him
to continue on community supervision.  We affirm.

Background
Facts

          In
2005, the State filed a petition alleging that appellant, who was sixteen years
old at the time, had engaged in delinquent conduct.  The petition asserted that
appellant had intentionally or knowingly caused serious bodily injury to a
child by hitting her “with a belt and belt buckle about the head and body.”  A grand
jury certified and approved the petition.[3]

          In
2007, when appellant was eighteen years old, the trial court found that he had
engaged in delinquent conduct before his seventeenth birthday by intentionally
or knowingly causing bodily injury to a child, determined that he was in need
of rehabilitation and that the public was in need of protection, assessed a ten-year
determinate sentence, suspended the imposition of that sentence, and placed him
on community supervision for six years.[4]  The court required
appellant, among other conditions of his community supervision, to report to
his community supervision officer each month.

          In
June 2011, the State filed a motion to revoke appellant’s community
supervision, alleging in part that he had failed to report to his community supervision
officer in the three preceding months.  At the hearing on the State’s motion, appellant
pled not true to those allegations, but after listening to testimony, the trial
court found the allegations to be true.[5]

          In
the punishment phase of the revocation hearing, the State presented evidence
concerning appellant’s offense.  The evidence showed that in July 2005, a
two-year-old girl, Zabreanah, was taken to a hospital.  Zabreanah had a head
injury, was unconscious, was not breathing on her own, and had several bruises
on various parts of her body.  Lewisville Police Department (LPD) Officer Luis
Flores, who went to the hospital, believed that Zabreanah’s bruises were “consistent
with the use of a belt type of object.”  After being transferred to a different
hospital, Zabreanah eventually died.  Her autopsy revealed many “contusions
throughout [her] body, [including] some with patterns,” and the medical
examiner opined that she died from blunt force trauma.

          LPD
Detective Richard Anders went to Zabreanah’s residence.  Appellant answered the
door and took Detective Anders to Zabreanah’s room, where Detective Anders saw
a belt in a bassinet.  Detective Anders asked appellant whether he had hit Zabreanah,
and appellant said that he had done so with a belt.  Specifically, appellant
told Detective Anders that the day before Zabreanah went to the hospital, she
had bitten one of appellant’s fingers while he was feeding her, and in response,
he spanked her with a belt on her bottom as well as, perhaps, on her chest and
legs.  Detective Anders later saw blood on a closet door in Zabreanah’s room.  Appellant
said that he had been trying to clean up the blood for a long time and had used
water and bleach, but when Detective Anders licked the tip of his finger, he
was able to rub some of the blood off, which indicated to Detective Anders that
it “hadn’t been there that long.”

          After
the State presented its witnesses, during its closing argument, it asked the
trial court to send appellant to prison for “the appropriate number of years
that [the court] deem[ed] necessary.”  Appellant’s counsel urged the trial
court to impose a punishment that reflected “four good years of probation” and to
not consider Zabreanah’s death because the State did not present evidence that
appellant’s actions caused her to die.[6]  The trial court revoked
appellant’s community supervision and sentenced him to ten years’ confinement. 
Appellant filed a motion for new trial, contending that the trial court’s
judgment was “contrary to the law and the evidence” and that a new trial should
be granted in the interest of justice.  Appellant also brought this appeal.

The
Forfeiture of Appellant’s Point

          In
his only point, appellant argues that the trial court abused its discretion by
sentencing him to imprisonment because the sentence is “merely punitive,” “does
not meet the objective of rehabilitation,” and “does not recognize differences
in rehabilitative possibilities among individual defendants.”  To preserve
a complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State, 319
S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must have
ruled on the request, objection, or motion, either expressly or implicitly, or
the complaining party must have objected to the trial court’s refusal to rule. 
Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341
(Tex. Crim. App. 2004).  A reviewing court should not address the merits
of an issue that has not been preserved for appeal.  Wilson v. State,
311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g).  Preservation of
error is a systemic requirement.  Id. at 473–74; Ford v. State,
305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).

          Appellant
concedes that he did not object to his sentence in the trial court, but he
contends that he was not required to object, and he cites several cases for the
proposition that “[m]any circumstances exist in which an objection is not
required to preserve a ground for appellate review.”  But in the precise
circumstance at issue—a challenge to the severity of a sentence—we have recently
and repeatedly held that a defendant must object to the sentence in the trial
court to preserve a complaint about the sentence for appellate review.  See Means
v. State, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) (holding
that a defendant forfeited his complaint that he should have been given community
supervision instead of receiving an eight-year sentence because the defendant
did not present that complaint to the trial court); Russell v. State,
341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.); Laboriel-Guity
v. State, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d); Timms
v. State, 313 S.W.3d 843, 844 (Tex. App.—Fort Worth 2010, pet. ref’d); Kim
v. State, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d) (“Kim’s
complaint about the alleged disproportionality of his sentence was not raised
at the time it was imposed or in a motion for new trial.  Therefore, he
preserved nothing for our review.”); see also Cisneros v. State, No. 02-06-00103-CR,
2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref’d) (mem.
op., not designated for publication) (citing six more cases in which we held
that a claim about the disproportionality of a sentence must be preserved in
the trial court).  The court of criminal appeals and other courts of appeals
have also held that a defendant’s failure to object to a sentence in the trial
court forfeits an appellate complaint about it.  See Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (“As a general rule, an appellant
may not assert error pertaining to his sentence or punishment where he failed
to object or otherwise raise such error in the trial court.”); Davis v.
State, 323 S.W.3d 190, 195–96 (Tex. App.—Dallas 2008, pet. ref’d); Steadman
v. State, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d);
see also Moore v. State, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012)
(reiterating that complaints about the appropriateness of a trial court’s
ruling must be preserved in the trial court).

          Appellant
cites two cases to contend that fundamental error in punishment may be raised
for the first time on appeal, but those cases were decided upon distinguishable
facts and legal principles.  See Hernandez v. State, 268 S.W.3d 176, 181–84
(Tex. App.—Corpus Christi 2008, no pet.) (holding that a trial court’s failure
to consider the full range of punishment could be raised for the first time on
appeal when the trial court had a policy of “sentencing repeat offenders to
double the time he or she had previously been sentenced”); Jaenicke v. State,
109 S.W.3d 793, 795–96 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (op. on
reh’g) (addressing an appellant’s issue when he complained that the trial court
had assessed punishment based upon verdicts that juries had reached in other
cases).  Appellant also cites three federal cases, but we are not bound by
those decisions.  See Bundy v. State, 280 S.W.3d 425, 432 n.5 (Tex. App.—Fort
Worth 2009, pet. ref’d).

          Based
upon the precedent cited above, we hold that appellant forfeited his complaint
about his sentence.  See Tex. R. App. P. 33.1(a); Means, 347
S.W.3d at 874.  We overrule appellant’s sole point.

Conclusion

          Having
overruled appellant’s point, we affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DAUPHINOT, J., filed a concurring and
dissenting opinion.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED:
 December 6, 2012

 





 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00462-CR

 

 


 
 
 Brandon Lamond Penny
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 367th
District Court OF Denton COUNTY

----------

CONCURRING
AND DISSENTING MEMORANDUM OPINION[7]

----------

For
the reasons stated in my concurrence to the majority opinion in Laboriel-Guity
v. State[8] and in my concurring and
dissenting opinions to the majority opinions in Means v. State[9]
and Kim v. State,[10] I dissent from the
majority’s holding that Appellant forfeited his complaint that the trial court
abused its discretion by sentencing him to imprisonment instead of continuing
his community supervision, and I concur only in the result.

 

 

 

 

LEE ANN DAUPHINOT
JUSTICE

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 22.04(a) (West Supp. 2012).





[3]See Tex. Fam. Code
Ann. § 53.045 (West Supp. 2012).





[4]See id. § 54.04(c),
(d)(3), (q) (West Supp. 2012).





[5]Appellant has not
challenged this finding on appeal.





[6]Tamara Penny, who is
appellant’s sister, pled guilty to endangering Zabreanah by “failing to protect
[her] from the physical abuse of Quintasha Harris,” who was Zabreanah’s
mother.  See Tex. Penal Code Ann. § 22.041(c) (West 2011).  Tamara
received a sentence of fifteen months’ confinement.  Quintasha pled guilty to
causing bodily injury to Zabreanah by hitting her with a belt, hand, or unknown
object, and Quintasha received a sentence of five years’ confinement.





[7]See Tex. R. App. P.
47.4.





[8]336 S.W.3d 754, 757–59
(Tex. App.—Fort Worth 2011, pet. ref’d) (Dauphinot, J., concurring).





[9]347 S.W.3d 873, 875–76
(Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and
dissenting).





[10]283 S.W.3d 473, 476–79
(Tex. App.—Fort Worth 2009, pet. ref’d) (Dauphinot, J., concurring and
dissenting).