

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00079-CR

KEVIN MANUEL                                                      APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1419285W

----------

## MEMORANDUM OPINION[1]

----------

In exchange for three years' deferred adjudication community supervision, Appellant Kevin Manuel pleaded guilty to felony assault of a family member—Iris Lambert, the mother of his infant son—which was enhanced to a third-degree felony by a prior family violence conviction involving the mother of his two daughters.

---

[1]See Tex. R. App. P. 47.4.

Approximately one year later, the State petitioned to proceed to adjudication on three alleged violations of Manuel's community supervision. Manuel pleaded "not true" to all of the State's allegations. The trial court found two of the State's allegations "true," adjudged Manuel's guilt, and revoked his community supervision. After hearing additional evidence during the punishment phase, the trial court sentenced Manuel to ten years' confinement. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (stating that the punishment range for a third-degree felony offense is two to ten years' confinement and up to a $10,000 fine).

In his single point on appeal, Manuel argues that the trial court abused its discretion by finding that he violated the terms of his deferred adjudication community supervision, adjudicating him guilty, and sentencing him to ten years' confinement. We affirm.

We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v.*

2

*State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

One of the allegations that the trial court found true was that on or about October 14, 2016, Manuel intentionally threatened to commit murder or aggravated assault with the intent to place Lambert in fear of imminent serious bodily injury, a violation of the community supervision requirement that he commit no offense against the laws of Texas, any other State, or of the United States.[2] To support this allegation, the State offered—and the trial court admitted—profanity-laced messages that Manuel admitted that he sent to Lambert. These messages leave little doubt that Manuel was threatening Lambert with bodily injury. For example, one message read, "I'm snap you small neck you dirty nasty b----." Another stated, "B---- I'ma kill you."

Although Manuel denied that he was trying to threaten Lambert and professed that he had no intent to hurt her, when asked whether he meant to put Lambert in fear that she would get hurt, Manuel replied, "I guess you could say

---

[2]Christina Livingston, the business records custodian for probationers supervised by the 396th District Court of Tarrant County, testified about the terms and conditions of community supervision that Manuel was alleged to have violated. She also testified that the terms and conditions were amended to provide for no contact with Lambert and to require that Manuel wear an ankle monitor.

that, yes." Manuel claimed that Lambert had provoked him and offered the excuse that he had been under the influence of alcohol when he sent the message about snapping her neck.[3] Lambert confirmed that the messages had indeed placed her in fear of imminent serious bodily injury. Additionally, when asked if it was "fair to say [he had] a history of being abusive to women," Manuel agreed.[4] Because the above evidence is sufficient to support by a preponderance of the evidence the trial court's "true" finding with regard to the State's first allegation, we overrule this portion of Manuel's sole point. *See Moore*, 605 S.W.2d at 926 (requiring only proof by a preponderance of any one of the alleged violations to support revocation).

Manuel further argues that the trial court assessed excessive punishment by sentencing him to a maximum sentence, which he contends shows that the trial court did not take into consideration his testimony that his mother's death when he was twelve was a mitigating factor.[5] But Manuel did not raise this

---

[3]During Lambert's cross-examination, Manuel's counsel offered, and the trial court admitted, complete text messages between Manuel and Lambert from October 14 to October 17. These messages provide more context for the parties' complex relationship but do not contradict Manuel's above testimony about the messages.

[4]Manuel's previous assault-family violence conviction had involved his daughters' mother, who had also been the victim in his interfering-with-an-emergency-phone-call conviction and his violation-of-protective-order conviction.

[5]During the guilt-innocence phase, Bob Ray Sanders, a former Star-Telegram reporter, testified that he had known Manuel for eighteen years, when he wrote a story on Manuel and his family after Manuel discovered his mother "murdered in her bed." Sanders said that in October 2016, Manuel had

4

complaint about excessive punishment when his sentence was imposed or in a motion for new trial. *See Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Banister v. State*, No. 02-16-00320-CR, 2017 WL 1536207, at *1 (Tex. App.—Fort Worth Apr. 27, 2017, no pet.) ("We have held on numerous occasions that disproportionate-sentence claims must be preserved at the trial court level."). Accordingly, he has failed to preserve this portion of his complaint for our review. We overrule the remainder of Manuel's sole point.[6]

---

contacted him about turning himself in, and he accompanied Manuel to jail when Manuel surrendered himself to the authorities.

[6]Further, the trial court had wide latitude to determine the appropriate punishment for the conviction within the statutory guidelines for the criminal conduct at issue. *See Laboriel-Guity*, 336 S.W.3d at 756–57. The fact that the trial court imposed the maximum sentence does not demonstrate that it failed to consider Manuel's mitigating evidence; the trial court is in the unique position to evaluate the credibility of the witnesses and to assess the weight of the evidence during the punishment phase. *See Garrett*, 619 S.W.2d at 174. During the punishment phase, when his counsel attempted to ask him about his mother, Manuel testified that he had been twelve years old but then became unable to discuss it. His attorney asked, "Can I ask the record to reflect that it appears that he's rather upset?" The trial court agreed that the record would so reflect. The rest of Manuel's testimony consisted of assertions that he had not dealt with his mother's death, that he had never been treated for any mental problems, and that he had anger issues; that he had three children and his life was stressful because he was paying child support to the girls' mother, who kept them away from him; and that when he drank alcohol, he said things that he wished he had not said and that he never meant any of it. Lambert testified during the punishment phase that she needed time to relocate herself and her children but that any amount in the two-to-ten-year punishment range would suffice to accomplish that.

5

Having overruled Manuel's sole point, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 1, 2018